UNITED STATES DISTRICT COURT
EASTER DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 1:06-CR-9-001 |
| v. | ) | |
| | ) | Judge Edgar |
| | ) | |
| STEPHAN FEKETE | ) | |

# **MEMORANDUM**

This criminal case went to trial on February 13 and 14, 2007. The jury found the defendant guilty of conspiracy to commit carjacking, 18 U.S.C. § 371; two counts of carjacking, 18 U.S.C. § 2119; and two counts of brandishing a firearm during and in relation to each carjacking, 18 U.S.C. § 924(c)(1)(A)(ii).

Defendant has moved for a new trial pursuant to Fed. R. Crim. P. 33 on the sole ground that the jury could not have found him guilty on the carjacking charges because there was not sufficient evidence to conclude that he acted with the intent to cause death or serious bodily harm, one of the required elements for a carjacking conviction. The Court gave the jury the following instruction on this subject,

> The fourth element the government must prove is that at the time the defendant took the motor vehicles, he acted with the intent to cause death or serious bodily harm. You may find that he acted with this intent if you find beyond a reasonable doubt that if an alleged victim had resisted or refused to cooperate, the defendant intended to cause the victim death or serious bodily harm. Or to put it another way you may find this intent if you find beyond a reasonable doubt that at the moment the defendant took control of the vehicle, the defendant possessed the intent to seriously harm or kill the alleged victim in order to steal the vehicle. In determining whether the defendant acted with such an intent, you should consider his actions and statements as shown by the evidence. One factor you may consider is whether the defendant used, displayed, or brandished a firearm or other deadly weapon to commit

1

the carjacking. Another factor you may consider is whether the firearm was loaded. The government contends that the defendant intended to cause death or serious bodily harm if the alleged victim had refused to turn over the car. If you find beyond a reasonable doubt that the Defendant had such an intent, the Government has satisfied this element of the offense.

On Count Two, one of the two carjacking counts, the evidence was that defendant pointed a gun at a fourteen year old boy sitting in a pickup truck, and told him to "Get out of the fucking truck," which the boy did. In the other carjacking, Count Four, the defendant cocked his gun, stuck it in the vehicle owner's face, and said, "Give me the keys or I will blow your head off."

In considering this issue the Court must determine if the jury's verdict is against the manifest weight of the evidence. The Court under Fed. R. Crim. P. 33 considers the credibility of the witnesses and the weight of the evidence to ensure that there is not a miscarriage of justice. *United States v. Solorio*, 337 F. 3d 580, 589 n.6 (6th Cir. 2003); *United States v. Lutz*, 154 F. 3d 581, 589 (6th Cir. 1998). In this case the verdict is fully supported by the evidence, and the defendant's conviction is by no means a miscarriage of justice. The jury was manifestly warranted in concluding that the defendant acted in the case of each carjacking with the intent to cause death or serious bodily harm.

A separate order will enter **DENYING** defendant's motion for new trial.

SO ORDERED.

ENTER this the 9th day of March, 2007.

                                           */s/ R. Allan Edgar*
                                           R. ALLAN EDGAR
                                   UNITED STATES DISTRICT JUDGE